UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ROGER LASSEN, JR., *individually and on behalf of all other similarly situated individuals*,
    Plaintiff,

v.

HOYT LIVERY, INC., SANTO SILVESTRO, and LYNDA SILVESTRO,
    Defendants.

Case No. 3:13-cv-01529 (VAB)

## RULING ON MOTION TO DISMISS FIVE OPT-IN PLAINTIFFS

Before the Court is Defendants' motion to dismiss Opt-In Plaintiffs who have failed to participate in discovery in this case in contravention of their obligations under the Federal Rules of Civil Procedure as well as this Court's orders. For the following reasons, the motion to dismiss is granted in part and denied in part.

**I.**     **Background**

This action was brought against Defendants under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the Connecticut Minimum Wage Act ("CMWA"), Conn. Gen. Stat. § 31-58, *et seq.* The Court conditionally certified a collective action under § 216(b) of the FLSA, and certified a class action under Rule 23 for the CMWA claim. Fifteen individuals opted in to the FLSA collective (the "Opt-In Plaintiffs"), while 41 individuals opted out of the CMWA class.

On December 29, 2014, Defendants served document requests and interrogatories (the "Discovery Requests") on each of the 15 Opt-In Plaintiffs. In late January, the Opt-In Plaintiffs

received an extension to respond to the Requests through February 28, 2015. The operative Scheduling Order [Doc. No. 95], issued by the Court on February 19, 2015, in response to a joint motion by the parties, extended the deadline for completion of discovery to June 1, 2015. Some of the Opt-In Plaintiffs failed to meet the February 28th deadline for providing written responses to the Discovery Requests. The Court held a Telephonic Status Conference with the parties on March 3, 2015, during which this failure was discussed and the Court issued an order "that all Opt-In Plaintiffs must provide written responses to Defendants' discovery requests by no later than March 30, 2015." Doc. No. 100.

Five of the Opt-In Plaintiffs have still not responded in any manner to the Discovery Requests: Jean Menard, Jimmy Dominguez, Luis Chaves, Dion Stanfield, and Jorge Cardona (the "Unresponsive Plaintiffs"). Two other Opt-In Plaintiffs, Albert Profeta and Ragah Matouk, did provide written responses to the Discovery Requests in a timely manner, but only produced responsive documents on April 23, 2015. Defendants have moved to dismiss all seven of these Opt-In Plaintiffs with prejudice. Plaintiffs' counsel concedes that the Unresponsive Plaintiffs' FLSA claims should be dismissed, but argues that their CMWA claims should survive, and fully opposes the motion to dismiss Plaintiffs Profeta and Matouk.

## II.     The Unresponsive Plaintiffs

This Court has the "inherent power" to dismiss cases "that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962). Furthermore, Rule 41(b), Fed. R. Civ. P., provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits."

The Second Circuit has stressed, however, "that such dismissals are 'the harshest of sanctions' and we insist that dismissal 'be proceeded by particular procedural prerequisites,' including 'notice of the sanctionable conduct, the standard by which it will be assessed, and an opportunity to be heard.'" *Baptiste v. Sommers*, 768 F.3d 212, 216-17 (2d Cir. 2014) (quoting *Mitchell v. Lyons Prof'l Servs., Inc.*, 708 F.3d 463, 467 (2d Cir.2013)).  Because this "is an especially drastic remedy, reserved for rare occasions, . . . the judge's undoubtedly wide latitude is conditioned by certain minimal requirements." *Peart v. City of New York*, 992 F.2d 458, 461 (2d Cir. 1993) (internal quotation marks and citation omitted) (alteration in original).

Specifically, the Second Circuit requires this Court to examine the following five factors in considering this Rule 41(b) dismissal:

> (1) the duration of plaintiff's failures; (2) whether plaintiff had received notice that further delays would result in dismissal; (3) whether defendant is likely to be prejudiced by further delay; (4) whether the district judge has carefully balanced the need to alleviate court calendar congestion and a party's right to due process; and (5) whether the court has assessed the efficacy of lesser sanctions.

*Id.*  Plaintiffs concede that the Unresponsive Plaintiffs' FLSA claims "are subject to dismissal" under this standard.  Pl. Br. at 2.  However, Plaintiffs argue that the Unresponsive Plaintiffs' CMWA claims should survive, while Defendants argue that those should be dismissed as well.

Courts in the Second Circuit dismissing FLSA opt-in plaintiffs for failure to participate in discovery have allowed these plaintiffs' class action state law claims to survive, holding that "[i]t would be unfair to treat the opt-in plaintiffs differently than other employees who may have chosen not to opt-in to the FLSA action for the same reason that these plaintiffs have failed to participate." *Johnson v. Wave Comm GR LLC*, No. 6:10-cv-346, 2013 WL 992511, at *4 (N.D.N.Y. Jan. 29, 2013) (Report-Recommendation) (internal quotation marks and citation omitted), *adopted*, 2013 WL 992186 (N.D.N.Y. Mar. 13, 2013).  Significantly, courts have

3

recognized that "employees are often reluctant to act affirmatively" in FLSA actions against their employers possibly due to feelings of fear and intimidation. *Enriquez v. Cherry Hill Market Corp.*, 1:10-cv-5616, 2012 WL 6641650 (E.D.N.Y. Oct. 22, 2012) (Report and Recommendation) (collecting cases), *adopted*, 2012 WL 6626008 (E.D.N.Y. Dec. 20, 2012). While the Court does not undertake to make such a finding here, the principle is worth noting and preserving.

Defendants argue that the doctrine of *res judicata* dictates that the CMWA claims must be dismissed if the FLSA claims are dismissed under Rule 41(b) because a Rule 41(b) dismissal "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b). However, claim and issue preclusion do not operate in such a manner.

First, the Supreme Court has explicitly held that "the phrase 'adjudication upon the merits' does not bear that meaning" of "a judgment entitled to claim-preclusive effect," but rather simply means "that, unlike a dismissal 'without prejudice,' the dismissal in the present case barred refiling of the same claim in the" same district court. *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 503-06 (2001). Plaintiffs here do not seek to initiate a new action on their FLSA claim; rather, they seek to continue an existing action on their CMWA claim. Rule 41(b) therefore does not dictate that this Court dismiss Unresponsive Plaintiffs' CMWA claims simply because it is dismissing their FLSA claims.

Second, issue preclusion "bars 'successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment,' even if the issue recurs in the context of a different claim." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001)). Defendants are not seeking to bar re-litigation of an issue of fact or law that has actually been litigated and resolved, nor is this

in the context of "successive litigation." The Court finds that the doctrine of *res judicata* does not apply here.

Accordingly, the Court **DISMISSES WITH PREJUDICE** the claims of Plaintiffs Menard, Dominguez, Chaves, Stanfield, and Cardona under the Fair Labor Standards Act. These five plaintiffs will be allowed to continue to participate, to the extent the Court deems appropriate, as absent class members on their claims under the Connecticut Minimum Wage Act, if the Rule 23 class action remains certified.

### III.    Plaintiffs Profeta and Matouk

Defendants argue that Plaintiffs Profeta and Matouk also should be dismissed from this action based on their failure to produce requested documents in a timely manner. However, the Court cannot find that the Second Circuit's standards for dismissal under Rule 41(b), discussed *supra*, have been met with respect to Plaintiffs Profeta and Matouk, and therefore the Court must deny Defendants' motion to dismiss them.

The first factor the Court must consider is the duration of plaintiffs' failures. Here, Plaintiffs Profeta and Matouk served their written responses to the Discovery Requests in a timely manner. Their purported failure was in not producing certain documents responsive to requests for production propounded in December until April. During this gap of less than four months, Plaintiffs Profeta and Matouk were not disengaged from the discovery process, having provided written responses and objections in late February and early March, respectively. This gap between receiving document requests and producing responsive documents is especially unremarkable in the context of this case considering that Defendants took one full year to produce documents responsive to certain requests for production from Plaintiffs. *See* Pantuso Aff. [Doc. No. 107-3] ¶¶ 4, 25. Moreover, Defendants have not experienced any prejudice

5

caused by Plaintiffs Profeta and Matouk producing 233 pages of documents on April 23, 2015, when the deadline for the completion of discovery is not until June 1, 2015.  Based on these facts, the duration of Plaintiffs Profeta and Matouk's failures is not substantial and does not weigh in favor of dismissal under Rule 41(b).

The second factor also weighs against dismissal under Rule 41(b).  While the Court ordered that all written responses to discovery requests were due by March 30, 2015, the Court was silent as to production of documents responsive to discovery requests.  Therefore, Plaintiffs Profeta and Matouk had not received notice that delays beyond March 30, 2015, in the production of responsive documents would result in their dismissal from the case.

The third factor further weighs against dismissal under Rule 41(b), as Defendants are not likely to be prejudiced by further delays from Plaintiffs Profeta and Matouk, as they have now produced all responsive documents sought by Defendants.  Simply put, there is nothing further they could delay at this point.

Based on the foregoing, Defendants' motion to dismiss Plaintiffs Profeta and Matouk is **DENIED**.

**SO ORDERED** this 15th day of May, 2015, at Bridgeport, Connecticut.

    /s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE