UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ROGER LASSEN, JR., *individually and on behalf of all other similarly situated individuals*,
    Plaintiff,

v.

HOYT LIVERY, INC., SANTO SILVESTRO, and LYNDA SILVESTRO,
    Defendants.

Case No. 3:13-cv-01529 (VAB)

**RULING ON MOTION TO EXCLUDE OR STRIKE**

**I.**     **Background**

This action was brought against Defendants under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the Connecticut Minimum Wage Act ("CMWA"), Conn. Gen. Stat. § 31-58, *et seq.* The Court conditionally certified a collective action under § 216(b) of the FLSA, and certified a class action under Rule 23 for the CMWA claim.

On February 19, 2015, Plaintiffs moved for an extension of time *nunc pro tunc* to disclose expert witnesses until April 6, 2015. Doc. No. 97. The deadline for disclosure in effect at the time was January 5, 2015. Defendants opposed the motion, and the Court held a conference with the parties to discuss the dispute on March 3, 2015. The Court granted an extension for expert witness disclosure to March 30, 2015, and ordered that any expert witnesses be disclosed, including any expert reports, by that date. Doc. No. 99.

In this action, Plaintiffs claim that Defendants violated the overtime-pay requirements of the FLSA and the CMWA, while Defendants argue that Plaintiffs must prove that individual

1

drivers worked more than forty hours in at least one particular workweek.  Plaintiffs seek to proffer expert testimony as to Plaintiffs' damages, based primarily on an analysis of documents produced to them by Defendants on February 25, 2015 in response to requests propounded on February 26, 2014.  Plaintiffs made repeated attempts to secure this production at earlier points during the discovery period, but Defendants were largely unresponsive.  On March 30, 2015, Plaintiffs served a document titled "Plaintiffs' Disclosure of Expert Witness" on Defendants.  However, this document did not include an expert witness report.[1]

Defendants now move to exclude or strike the Plaintiffs' proffered expert witness designation, arguing that Plaintiffs' designation violates both this Court's order and Rule 26(a)(2)(B).  For the following reasons, the Court DENIES Defendants' motion to exclude or strike.

## II.   Legal Standard

Rule 26 requires, in relevant part, that "a party must disclose to the other parties the identity of any [expert] witness it may use at trial to present evidence," and that "this disclosure must be accompanied by a written report—prepared and signed by the witness[.]" Fed. R. Civ. P. 26(a)(2).  In addition,

> [t]he report must contain: (i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case.

---

[1]   Nor did this document include the proffered expert's curriculum vitae or case list, which were separately served the next day.

*Id.* A party's failure to identify a witness as required by Rule 26(a) means that "the party is not allowed to use that . . . witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Further,

> In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard: (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure; (B) may inform the jury of the party's failure; and (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

*Id.* "A district court has wide discretion to impose sanctions, including severe sanctions, under Federal Rule of Civil Procedure 37[.]" *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 294 (2d Cir. 2006).

However, there is a general preference to determine issues on the merits, *Powerweb Energy, Inc. v. Hubbell Lighting, Inc.*, No. 3:12-cv-220, 2014 WL 1572746, at *6 (D. Conn. Apr. 17, 2014), and exclusion of an expert is a "harsh remedy that should only be imposed in rare situations," *Barnett v. Connecticut Light & Power Co.*, No. 3:11-CV-1037, 2013 WL 1196669, at *1 (D. Conn. Mar. 25, 2013) (internal quotation marks and citation omitted). In determining whether to impose this severest of sanctions, courts in the Second Circuit consider four factors: "(1) the party's explanation for the failure to comply with the discovery order; (2) the importance of the testimony of the precluded witness; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." *Softel Inc. v. Drago Med. & Scientific Comm., Inc.*, 118 F.3d 955, 961 (citing *Outley v. City of New York*, 837 F.2d 587, 590–91 (2d Cir.1988)); *see also Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir.2004). None of these factors is dispositive and each must be balanced against the others in making the determination. *United States v. Bonadio*, 3:13-cv-591, 2014 WL 3747303, at *3 (D. Conn. July 17, 2014).

### III. Application of the *Softel* Factors

#### A. Explanation for Plaintiff's Failure to Comply with Court Ordered Deadlines

Plaintiffs assert that they were unable to provide an expert report because their expert did not have enough time to analyze the voluminous data, form an opinion, and write a report in the two-and-a-half weeks he had between being retained by Plaintiffs and the deadline the Court had set for expert witness disclosure. Plaintiffs were uncertain whether they would require an expert to calculate damages until it had reviewed a set of 15,894 documents provided by Defendants on February 25, 2015. Plaintiffs had requested these documents one full year before receiving them, and had been diligently attempting to obtain them from Defendants during the course of that year. Upon receiving these documents, Plaintiffs were able, in the span of two weeks, to review the documents, determine an expert was required to derive damages based on the information contained in those documents, and retain an expert. Plaintiffs thus have explained why they could have been entitled to an extension of time for the expert witness disclosure deadline.

Unfortunately, Plaintiffs never requested such an extension, instead choosing to violate the Court's order that expert witness disclosures, which under Rule 26 and as explicitly required by the Court's order were to include the expert's report, were to be served by March 30, 2015. Even though Plaintiff's explanation is inadequate, there is no evidence before the Court to suggest that Plaintiffs were "motivated by bad faith or other dilatory purpose." *Liberty Mut. Fire Ins. Co. v. Omega Flex, Inc.*, No. 3:13-cv-203, 2013 WL 6047203, at *2 (D. Conn. Nov. 14, 2013); *see also Design Strategy*, 469 F.3d at 296 ("although a "bad-faith' violation of the Rule 26 is not required in order to exclude evidence pursuant to Rule 37, it can be taken into account as part of the party's explanation for its failure to comply").

### B. Importance of Testimony Sought to be Excluded

The gravamen of this action is that Defendants did not pay Plaintiffs for overtime hours worked. "Damage experts are commonly employed in the FLSA collective action context in order to calculate damages for overtime compensation." *Childress v. Ozark Delivery of Missouri L.L.C.*, No. 6:09-cv-03133, 2014 WL 7181038, at *6 (W.D. Mo. Dec. 16, 2014). Moreover, it is undisputed that Defendants did not maintain any hourly time records of for its drivers until July 2013. As a result of this lack of direct evidence on the key element of Plaintiffs' claim, expert testimony would be of even greater importance for determining damages in this case.

### C. Prejudice Suffered by Defendants

The time period for discovery in this action has not yet closed. Any prejudice that would be suffered by Defendants "as a result of having to prepare to meet the new testimony," *Softel*, 118 F.3d at 962, may be cured by Defendants taking the proffered expert's deposition. *See, e.g., Associated Elec. Gas Ins. Servs. v. Babcock & Wilcox Power Generation Grp., Inc.*, No. 3:11-cv-715, 2013 WL 5771166, at *6 (D. Conn. Oct. 24, 2013); *Allen v. Dairy Farmers of America, Inc.*, No. 5:09–cv–230, 2013 WL 211303, at *4 (D. Vt. Jan. 18, 2013) (citing multiple cases). In addition, the temporal proximity of Plaintiffs' expert disclosure to the close of the discovery period arguably is in part due to Defendants' failure to produce requested documents for a year. As discussed in the next section, the parties are free to seek an amendment to the case management plan in order to provide the additional time necessary to properly conduct expert discovery.

### D. Possibility of Continuance

In this case, no trial date has been set, which weights this factor in favor of Plaintiffs. *See, e.g., Powerweb Energy*, 2014 WL 1572746, at *5; *Liberty Mut.*, 2013 WL 6047203, at *3;

5

*Associated Elec.*, 2013 WL 5771166, at *6; *cf. Design Strategy*, 469 F.3d at 297 ("[W]eighing heavily on both the prejudice and possibility of continuance factors was the fact that discovery had been closed for 'approximately one and a half years,' and at the time of the offer of expert testimony there was only a 'short time left before trial.'").  Motions to decertify the classes are currently due July 15, 2015, and dispositive motions are due August 15, 2015.  In light of Plaintiffs' failure thus far to produce their expert report, an extension of the discovery deadlines, and thus the motion deadlines, is appropriate, as Defendants will require time to review the expert report, depose the proffered expert if they choose to do so, and disclose their own expert.  The Court is cognizant that extended deadlines will adversely affect the progression of the case, but the Court expects that, with proper planning, communication, and cooperation among the parties, any delays would not be significant.

E.  **Conclusion**

Based on the Court's balancing of the *Softel* factors, and the general preference to determine issues on the merits, Defendants' motion to exclude or strike is DENIED.  Instead, the parties are ordered to confer and submit for the Court's consideration a joint proposed modified scheduling order.  This proposal shall include a date by which Plaintiffs must provide the required expert report from their proffered expert, as well as deadlines for disclosure of any rebuttal experts from Defendants and for completion of expert depositions.

The Court notes that nothing in this ruling should be construed as an opinion on the admissibility of the expert testimony.[2]

---

[2] Without an expert report or anything more substantial in the record, the Court does not have sufficient information upon which to base a ruling on Defendants' *Daubert* motion.  Therefore, Defendants' motion to preclude Plaintiffs' proffered expert testimony under Rule 702, Fed. R. Evid., is denied without prejudice to renewal at a later date.

### IV.     Sanctions

The Second Circuit has noted that "[w]hen trial courts permit deadline slippage of this sort, trials cannot be scheduled when they ought to be, resulting in the backup of other cases and eventual scheduling chaos as a series of bottlenecks builds." *Softel,*, 118 F.3d at 962-63.  The lack of foresight, respect, and communication exhibited by Plaintiffs towards the deadlines set by the Court in this case contributes to the development of this sort of chaos, and is unacceptable. Plaintiffs could have easily alerted Defendants as to Plaintiffs' issues meeting the expert disclosure deadline at a much earlier stage in these proceedings, and if the parties could not come to an agreement on the subject, Plaintiffs could have filed a Motion for Extension of Time well in advance of even the original deadline for expert disclosure.

Going forward, the Court expects that both parties will strive to maintain better lines of communication and to work more cooperatively together to manage the progression of the case. However, Plaintiffs repeated failures in this area to date merit sanctions.  As noted *supra*, the Court has wide discretion under Rule 37(c)(1) to impose "appropriate sanctions" for a party's failure to comply with its obligations to disclose a witness.  The Court therefore orders Plaintiffs to pay Defendants' reasonable costs and attorneys' fees with respect to the preparation for these two motions, not to exceed $250.

**SO ORDERED** this 15th day of May, 2015, at Bridgeport, Connecticut

  /s/ Victor Allen Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE

7