## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ROGER LASSEN, JR., individually and on behalf of all other similarly situated individuals | : : : | CIVIL ACTION NO. |
| Plaintiff | : : | 3:13-cv-01529 (VAB) |
| V. | : : | |
| HOYT LIVERY, INC., SANTO SILVESTRO and LYNDA SILVESTRO | : : | |
| Defendants | : | August 5, 2015 |

## AMENDED CLASS ACTION COMPLAINT

### I.   INTRODUCTION

1. This is an action for compensatory damages, liquidated damages, punitive damages and attorney's fees brought pursuant to the Fair Labor Standards Act, 29 U.S.C. Section 201 *et seq.* ("FLSA") and the Connecticut Minimum Wage Act, Conn. Gen. Stat. Section 31-58 *et seq.* ("CMWA").

### II.   JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. Section 1331.

3. This Court has jurisdiction over Plaintiff's CMWA claims pursuant to 28 U.S.C. Section 1367 since they are so related to the FLSA claims that they form part of the same case or controversy.

4. Venue is proper in this district under 28 U.S.C. Section 1391 because the acts or omissions giving rise to the claims in this Complaint took place in this district.

### III. PARTIES

5. Plaintiff, Roger Lassen, Jr. ("Lassen"), is an individual residing in Norwalk, Connecticut. At all times relevant to this Complaint, Lassen was an employee of Defendants, as that term is defined in the FLSA and CMWA.

6. Defendant, Hoyt Livery, Inc. ("Hoyt"), is a Connecticut corporation with a principal place of business located at 21 Cross Street, New Canaan, Connecticut. At all times relevant to this Complaint, Hoyt was the employer of Lassen and all other similarly situated individuals, as that term is defined in the FLSA and CMWA.

7. Defendant, Santo Silvestro ("Santo"), is the President and Treasurer of Hoyt.

8. Defendant, Lynda Silvestro ("Lynda"), is the Secretary of Hoyt.

9. At all times relevant to this Complaint, Santo and/or Lynda were the individuals within Hoyt with the ultimate and exclusive authority to set the hours of employment and to pay the wages of Lassen and all other similarly situated individuals, and Santo's and/or Lynda's exercise of that authority was the direct cause of Hoyt's failure to pay wages as set forth below. Accordingly, Santo and Lynda each were the employers of Lassen and all other similarly situated individuals, as that term is defined in the FLSA and CMWA.

### IV. COLLECTIVE AND CLASS ACTION ALLEGATIONS

#### A. The FLSA Class

10. Lassen brings this action on behalf of himself and all other similarly situated employees, present and former, who were and/or are affected by the actions, policies and procedures of Defendants as described herein.

11. In addition, and in the alternative, Lassen brings this action in his individual and personal capacity, separate and apart from the class claims set forth herein.

12. The FLSA class is defined as follows:

> All current and former employees of Defendants who were employed as Limousine Drivers at any time after September 23, 2010 through the date of final judgment.

13. Lassen reserves the right to amend said class definition consistent with information obtained through discovery.

14. Lassen sues on behalf of himself and those members of the FLSA class who have filed or will file with the Court their consents to sue.  This is an appropriate collective or representative action under 29 U.S.C. § 216(b), sometimes referred to as an "opt-in class action," in that Lassen and the members of the putative class are similarly situated.

15. Defendants have engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing to pay Lassen and other similarly situated employees and former employees in accordance with the provisions of the FLSA.

### B. The Connecticut Class

16. Lassen also sues on behalf of himself and all other members of the Connecticut class, pursuant to Rule 23 of the Federal Rules of Civil Procedure.

17. The Connecticut Class is defined as follows:

> All current and former employees of Defendants who were employed as Limousine Drivers at any time after September 23, 2011 through the date of final judgment.

18. Lassen reserves the right to amend said class definition consistent with information obtained through discovery.

19. Class certification for these Connecticut law claims is appropriate under Rule 23(a) and Rule 23(b)(3) because all the requirements of the Rules are met.

20. The class is so numerous that joinder of all members is impracticable.

21. There are questions of law and fact common to the class, including whether or not the putative class members worked hours for which they were not paid overtime compensation in violation of Connecticut law.

22. Lassen's claims are typical of those of the class members. Lassen's claims encompass the challenged practices and course of conduct of Defendants. Furthermore, Lassen's legal claims are based on the same legal theories as the claims of the putative class members. The legal issues as to the violation of the CMWA by Defendants' conduct apply equally to Lassen and to the class.

23. Lassen will fairly and adequately protect the interests of the class. Lassen's claims are not antagonistic to those of the putative class and he has hired counsel skilled in the prosecution of class actions.

24. Common questions of law and fact predominate over questions affecting only individuals, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy. This proposed class action under Fed. R. Civ. P. 23 presents few management difficulties, conserves the resources of the parties and the court system, protects the rights of each class member and maximizes recovery to them.

## V.     FACTS

25. From approximately 2010 through August 12, 2013, Lassen was employed by Hoyt, Santo and Lynda as one of approximately 50 limousine drivers, responsible for picking up and driving Defendants' customers to specified locations.

26. Lassen and all other similarly situated individuals customarily and regularly worked between 50 and 100 hours per week, but were not paid overtime compensation at a rate of one-and-one-half times their regular rate of pay for all hours over 40 per week, as required by the CMWA and FLSA.

27. In approximately April, 2013, one of Lassen's co-workers made a complaint to the Connecticut Department of Labor ("DOL") regarding the Defendants' failure to pay overtime and unauthorized deductions from pay.

28. In approximately June, 2013, Santo learned of the complaint to the DOL.

29. Santo responded to learning of the complaint to the DOL with anger, and directed Lassen and other limousine drivers to falsify their time sheets to reflect no more than 40 hours worked per week because he wasn't "going to pay one fucking dime of overtime."

## VI.    COUNT ONE –COLLECTIVE ACTION CLAIM UNDER 29 U.S.C. § 216(b) FOR VIOLATION OF THE OVERTIME PROVISIONS OF THE FAIR LABOR STANDARDS ACT ON BEHALF OF PLAINTIFF AND THE FLSA CLASS

30. Based on the foregoing, Defendants' conduct in this regard was a willful violation of the FLSA, in that Defendants knew or should have known that Lassen and all other members of the FLSA class were entitled to be paid one-and-one-half times their regular rate of pay for all hours worked in excess of forty per week, but failed to do so.

31. Accordingly, Lassen and all other members of the FLSA class are entitled to compensation at one–and-one-half times their regular rate of pay for all hours worked in excess of forty per week, liquidated damages, attorneys' fees and court costs, pursuant to 29 U.S.C. Section 216(b).

## VII. COUNT TWO – CLASS ACTION CLAIM FOR VIOLATION OF THE OVERTIME PROVISIONS OF THE CMWA ON BEHALF OF PLAINTIFF AND THE CONNECTICUT CLASS

32. Based upon the foregoing, Defendants' conduct in this regard was a willful violation of the CMWA, in that Defendants knew or should have known that Lassen and all other members of the Connecticut Class were entitled to be paid one-and-one-half times their regular rate of pay for all hours worked in excess of forty per week, but failed to do so.

33. Defendants' conduct in failing to pay Lassen and all other members of the Connecticut Class their earned compensation was unreasonable, arbitrary and/or in bad faith, in that Defendants knew or should have known that they were entitled to be paid for all hours worked in excess of forty per week at one-and-one-half times their regular rate of pay, but failed to do so.

34. Accordingly, Lassen and all other members of the Connecticut Class are entitled to compensation at one–and-one-half times their regular rate of pay for all hours worked in excess of forty per week, penalty damages, attorneys fees, and court costs, pursuant to Connecticut General Statutes Section 31-68.

## VIII. DEMAND FOR RELIEF

Plaintiff claims:

a. Unpaid overtime wages under the FLSA and CMWA;

b. Withheld wages under the CMWA;

c. Liquidated damages under the FLSA;

d. Penalty damages under CMWA;

e. Compensatory damages;

f. Punitive damages;

g. Interest and costs;

h. Attorneys' fees under the FLSA and CMWA; and

i. Such other and further relief as the Court deems just and equitable.

## IX. JURY DEMAND

Plaintiff demands a trial by jury for all issues so triable.

Plaintiff, ROGER LASSEN, JR.,
individually and on behalf of other similarly
situated individuals

By:  /s/ Anthony J. Pantuso, III
Anthony J. Pantuso, III
Fed. Bar No. ct11638
The Hayber Law Firm, LLC
900 Chapel Street, Suite 620
New Haven, CT 06510
(203) 691-6491
(860) 218-9555 (facsimile)
apantuso@hayberlawfirm.com
Attorneys for the Plaintiff

## **CERTIFICATION OF SERVICE**

      I certify that on **August 5, 2015**, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the notice of electronic filing.  Parties may access this filing through the Court's CM/ECF system.

          */s/ Anthony J. Pantuso, III*
           Anthony J. Pantuso, III