UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ROGER LASSEN, JR., individually and on behalf of all other similarly situated individuals,
    Plaintiff,

v.

HOTY LIVERY, INC. SANTO SILVESTRO, and LYNDA SILVESTRO,
    Defendants.

No. 3:13-cv-1529 (VAB)

**ORDER ON FINAL APPROVAL OF SETTLEMENT AND RELEASE
AND AMENDMENT TO SETTLEMENT AND RELEASE**

Roger Lassen, Jr. ("Plaintiff"), on behalf of himself and others similarly situated, brought this action against Hoyt Livery, Inc. ("Hoyt Livery"), Santo Silvestro, and Lynda Silvestro (collectively "Defendants"), asserting claims under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and the Connecticut Minimum Wage Act, Conn. Gen. Stat. §§ 31 to 58 *et seq.* ("CMWA").

For nearly three years, Mr. Lassen worked as a limousine driver for Hoyt Livery, a Connecticut company owned by Mr. Silvestro and Ms. Silvestro. All drivers employed by Hoyt Livery, including Mr. Lassen, were paid in accordance with a commission-based system. Under the system, a dispatcher assigned drivers to work trips requested by customers, and the assigned driver earned forty percent (40%) of whatever fee was charged to the customer for the requested trip. The 40% figure included two components: twenty-five percent (25%) was designated as a "commission," while fifteen percent (15%) was designated as a "built-in gratuity." Hoyt Livery required full-time drivers to be available six days a week.

1

Until July 2013, Hoyt Livery did not maintain hourly time records for its drivers. During the period relevant to this lawsuit, Hoyt Livery drivers also did not receive additional compensation if they worked more than forty hours in a week. Regardless of how many hours a driver worked in a week or how many trips a driver took, all drivers earned the same 40% commission per trip. Hoyt Livery has since changed their policy, and now pays drivers one and a half times their weekly commission, if and when the driver works more than forty hours during that workweek. This case involves whether the previous payment structure complied with the FLSA, and the CMWA.

On September 17, 2014, the Court (Meyer, J.) granted Plaintiff's motion to certify conditionally a FLSA collective action and to certify a Rule 23 class action as to the CMWA claims, with a class consisting of "all persons who have worked for Defendant . . . as full time limousine drivers between October 18, 2011 and the date of final judgment in this matter" (the "CMWA Class"). *See* Certification Order at 1-2, 13, ECF No. 43. In addition to Mr. Lassen, nine other plaintiffs opted in to the FLSA collective action (collectively, the "Opt-In Plaintiffs"), while the CMWA Class consists of thirty-five total members. *See* Approval Br. at 3- 4, ECF No. 193-1.

On March 22, 2017, Mr. Lassen filed an unopposed motion for preliminary approval of the class action settlement, ECF No. 193, which the Court granted in part and denied in part. ECF No. 201. The Court permitted the parties to submit the proposed notice to CMWA Class members, using the notice procedures outlined in the settlement agreement. The Court, however, rejected two provisions of the settlement agreement related to the FLSA collective action and the Opt-In Plaintiffs, namely the (a) general release provision and (b) the confidentiality provision.

The Court directed the parties to modify those provisions of the settlement agreement, as further explained in the Court's June 5, 2017, Order.

On December 5, 2017, on consent, Plaintiffs' moved the Court to order the unconditional preliminary approval of the proposed class action settlement, as amended. ECF No. 238. Satisfied with the general release provision, as amended, and the confidentiality provision, as amended, the Court granted this motion on December 6, 2017. ECF No. 204.

On February 15, 2018, the Court held a Final Approval Hearing. ECF No. 255.

The Court hereby **APPROVES** the settlement as set forth in the Settlement Agreement and Release, attached herein as Exhibit A, and the Amended Settlement and Release, attached herein as Exhibit B.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED**, upon consideration of the Settlement Agreement and Release and the Amendment to the Settlement Agreement and Release, the evidence and oral argument presented at the fairness hearing, and the complete record and proceedings in this case to date, and for good cause shown:

1. The Court, for purposes of this order, adopts all defined terms in the Settlement Agreement and Release and the Amendment to the Settlement Agreement and Release.

2. This Court has jurisdiction over the subject matter of this action and the Parties.

3. This Court hereby **APPROVES** the settlement set forth in the Settlement Agreement and Release and the Amendment to the Settlement Agreement and Release. The Court finds that the settlement is fair, reasonable, and adequate in all respects and that it is binding on the Parties. The Court specifically finds that the settlement is reasonably related to the strength of the claims in this case given the risk, expense,

complexity, and duration of further litigation. This Court also finds that the Settlement Agreement and Release and the Amendment to the Settlement Agreement and Release are the result of arms-length negotiations between experienced counsel representing the interests of Plaintiffs and Defendants, after thorough and extensive factual and legal investigation, including mediation with a Magistrate Judge.

4. The Notice of Settlement, as authorized by the June 5, 2017, Preliminary Approval Order and re-affirmed in the Order of Unconditional Preliminary Approval, adequately explained the background of the case, summarized the amount of the Settlement Fund, and explained each Notice recipient's expected share of the Settlement Fund, if they opt in.

5. The Notice emphasized that, in order for a recipient to receive their share of the settlement funds, they "must join this lawsuit by signing the consent form" provided in the Notice and mailing it to Plaintiffs' counsel. The Notice also provided the date, time, and location of the Final Fairness Hearing and explained that each recipient had the right to opt out or object to the Agreement. It also stated that, if a recipient opted in to the class action, they would be "deemed to have waived and released any and all claims" against Defendants "relating to hours of work, payment of wages, overtime, or other compensation." The Settlement Agreement and Release provided that Defendant Hoyt Livery would, "[w]ithin ten (10) business days following Conditional Approval by the Court," mail a notice "to each member of the CMWA Class." The Court therefore finds that that the Settlement Agreement and Release and the Amendment to the Settlement Agreement and Release, complied with due process and provided the best notice practicable under the circumstances.

6. By operation of the entry of this Order, all claims described in Sections 11 and 12 of the Settlement Agreement and Release, and Section 10 of the Amendment to the Settlement Agreement and Release, are fully, finally, and forever released, relinquished, and discharged. The Court has reviewed the documents referenced above and finds the releases to be fair, reasonable, and enforceable under the FLSA, CMWA, Fed. R. Civ. P. 23, and all other applicable law. Fully executed releases by persons who opted into the CMWA class are attached herein as Exhibit C.

7. As provided for in the Settlement Agreement and Release, members of the CMWA Class who did not timely and properly opt-in to this settlement under the procedures set forth in the Agreement, a date determined to be January 20, 2018, forever, irrevocably and unconditionally release and discharge the Defendants from all claims set out in Section 11 of the Agreement.

8. The parties entered into the Agreement solely for the purpose of amicably resolving the matters in controversy between the parties and to avoid the expense of further litigation. There is no admission of liability, wrongdoing, or violation of law.

9. Defendants, without admitting liability or wrongdoing, will cause to be paid a settlement fund of $670,000 ("Settlement Fund") to Plaintiffs and Plaintiffs' Counsel, consistent with Section 8 of the Settlement Agreement and Release, regarding timing and methods of payments. The $670,000 in the Settlement Fund represents a total of:

    (a) $120,000 to Mr. Lassen and the Opt-In Plaintiffs, consistent with Section 8(a) of the Settlement Agreement and Release, to be paid "[w]ithin thirty (30) days of Final Approval of the settlement, as defined by Section 1(k) of the Settlement Agreement and Release;

(b) $135,000 to the CMWA Class, consistent with Section 8(c) of the Settlement Agreement and Release, to be paid "[n]o later than June 1, 2018;

(c) an incentive award of $15,000 to Mr. Lassen as the representative plaintiff in this case, consistent with Section 8(a) of the Settlement Agreement and Release, to be paid "[w]ithin thirty (30) days of Final Approval of the settlement, as defined by Section 1(k) of the Settlement Agreement and Release; and

(d) an amount not to exceed $400,000 in attorneys' fees and costs to Plaintiffs' Counsel, $200,000 of the $400,000 attorneys' fees and costs, consistent with Section 8(a) of the Settlement Agreement and Release, to be paid "[w]ithin thirty (30) days of Final Approval of the settlement, as defined by Section 1(k) of the Settlement Agreement and Release.[1]

10. Half of the amounts in Sections 9(a) and 9(b) that will be paid to Mr. Lassen, the Opt-In Plaintiffs, and the CMWA Class members will be treated as wages "from which state and federal taxes will be withheld" by Defendants and "for which IRS W-2 forms will be issued," while the other half will be treated as "non-wage income . . . for which IRS 1099 forms will be issued." *Id.* The entire amount (c), the incentive award for Mr. Lassen, will be treated as "non-wage income . . . for which an IRS 1099 form will be issued."

---

[1] Under the plain language of Section 8(b) of the Settlement Agreement, $200,000 of the $400,000 in attorneys' fees became due on January 15, 2018, a date already past. The parties, however, have not amended the Settlement Agreement to address this timing of the payment issue, although urged to do so by the Court, before the December 6th Order was issued and before this Order was issued as well.

11. The Settlement Agreement and Release and the Amendment to the Settlement Agreement and Release shall become final thirty-five (35) days after the later of (a) the date of this Order, if no appeals of this Order is filed; or (b) the final judgment resulting from this Order upon the conclusion of any appeals that may be filed.

12. The Court shall retain jurisdiction over this case for the limited purpose of enforcing this Order, the Settlement Agreement and Release, and the Amendment to the Settlement Agreement and Release.

**SO ORDERED** at Bridgeport, Connecticut, this 16th day of March, 2018.

        /s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE