UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ROGER LASSEN, JR., individually and on behalf of all other similarly situated individuals | : : : | CIVIL ACTION NO. |
|       Plaintiff | : : | 3:13-cv-01529 (VAB) |
| V. | : : | |
| HOYT LIVERY, INC., SANTO SILVESTRO and LYNDA SILVESTRO | : : | |
|       Defendants | : | |

**AMENDMENT TO SETTLEMENT AGREEMENT AND RELEASE**

     Plaintiff Roger Lassen, Jr. the Opt-In Plaintiffs, and Defendants Hoyt Livery, Inc., Santo Silvestro and Lynda Silvestro hereby amend the Settlement Agreement and Release that they entered in March of 2017 ("Agreement"). This amendment to the Agreement shall be referred to herein as the "Amendment."

     WHEREAS, all capitalized terms and phrases in this Amendment shall have the same definitions as set forth in the Agreement, unless otherwise defined herein;

     WHEREAS, on March 22, 2017, Plaintiffs filed with the Court an unopposed motion for Conditional Approval of the Parties' proposed settlement;

     WHEREAS, on June 5, 2017, the Court entered an Order granting, in part, and denying, in part the motion for Conditional Approval, in which the Court denied approval of two provisions of the Agreement, specifically Section 10 entitled the Waiver and General Release of Claims by Lassen and Opt-In Plaintiffs ("Section 10"), and Section 15 entitled Confidentiality ("Section 15).

     WHEREAS, the Court approved all other provisions of the Agreement;

     WHEREAS, in its orders dated June 5 and June 14, 2017, the Court provided certain information regarding potential changes to Section 10 and Section 15 that might meet with the Court's approval;

WHEREAS, the Parties wish to effectuate the Agreement to the maximum extent possible;

WHEREAS, Lassen and some Opt-In Plaintiffs have provided statements to Defendants establishing that, other than the claims that were asserted in the Lawsuit, they are aware of no claims against Defendants and they do not intend to pursue any claims against Defendants; and

THEREFORE, in consideration of the premises and the mutual promises and terms set forth in the Agreement, the Parties hereby amend the Agreement and agree as follows:

1. Amendments to Section 10 and Section 15

Section 10 and Section 15 of the Agreement are hereby stricken and replaced with the following provisions:

10. Waiver and Release of Claims by Lassen and the Opt-In Plaintiffs

Lassen and the Opt-In Plaintiffs, on behalf of themselves and on the behalf of their respective family members, heirs, legatees, next-of-kin, executors, administrators, representatives, successors, and assigns (collectively, "Releasors"), fully and finally release and discharge Defendants, their past, present and future parents, subsidiaries, affiliates, predecessors, successors and assigns, and their past, present, and future owners, directors, representatives, officers, employees, shareholders, agents, insurers, attorneys, partners, accountants, heirs legatees, next-of-kin, executors, administrators, and conservators (collectively, "Releasees"), in their personal, individual, official, and/or corporate capacities, of and from the Lawsuit and any and all actions, causes of action, suits, complaints, debts, dues, sums of money, damages, judgments, executions, claims and demands whatsoever, in law or equity, which Releasors ever had, now have, or may have, whether now known or unknown, whether contingent or non-contingent, whether specifically asserted or not, arising out of or in any way relating to hours of work or payment of wages, overtime, or other compensation (including reimbursement of employment-related expenses and employment-related benefits of any kind), through the date of Final Approval of the settlement by the Court. These released claims include all claims under the FLSA (29 U.S.C. § 201, et seq.), the CMWA (Conn. Gen. Stat. § 31-58, et seq.), and

any other federal, state, local, or common law relating to hours of work, payment of wages, overtime, or other compensation.

15. <u>Confidentiality</u>

Lassen, the Opt-In Plaintiffs, and Plaintiffs' Counsel agree not to disclose the terms of the Agreement, the Memorandum of Understanding Re: Terms of Settlement Agreement dated January 13, 2017, or any of the settlement negotiations leading to the Agreement. By way of clarification, and without limiting the generality of the foregoing statement, Lassen, the Opt-In Plaintiffs, and Plaintiffs' Counsel agree not to contact any media outlet or make any mailings or social media postings about the terms of the Agreement, the Memorandum of Understanding Re: Terms of Settlement Agreement dated January 13, 2017, or any of the settlement negotiations leading to the Agreement, except as Defendants may approve. The Parties agree that this provision does not preclude Lassen, the Opt-In Plaintiffs, or Plaintiffs' Counsel from disclosing the claims asserted in the Lawsuit.

2. <u>Unconditional Preliminary Approval</u>

The Parties agree that neither this Amendment nor the Agreement, as amended, shall be effective or enforceable unless and until the Court unconditionally approves all terms and provisions of the Parties' Agreement, as amended hereby. As such, the parties acknowledge and agree that no settlement notice shall be sent to the CMWA Class and no Final Approval hearing shall be requested until the Court unconditionally approves the Agreement, as amended, and upon such approval, the issuance of notice and the scheduling of a fairness hearing shall be undertaken in conformity with the time periods required by the Class Action Fairness Act (28 U.S.C. § 1715).

3. <u>Entire Agreement, Survival, and Amendments</u>

The Parties agree that this Amendment contains the entire agreement between the Parties regarding the subjects in this Amendment. Other than the amendments to the Agreement set forth expressly herein, the Agreement shall otherwise remain in full force and effect and binding on the Parties according to its terms. Except as expressly set forth herein, no representations of any kind or character have been made by Defendants or their agents or Defense Counsel to induce Lassen or any of the Opt-In Plaintiffs to execute this Amendment. Neither

this Amendment nor the Agreement shall be changed, modified, discharged or terminated in any manner unless in writing and signed by the Parties.

4. <u>Voluntary and Knowing Agreement</u>

Lassen, the Opt-In Plaintiffs, and Defendants agree that they are executing this Amendment to the Agreement knowingly, voluntarily, with full knowledge and understanding of its terms and significance, and without coercion or duress.

*Remainder Of Page Left Intentionally Blank*

AGREED TO BY

Roger Lassen, Jr., on behalf of himself and all others similarly situated,

Date: _____

Hoyt Livery, Inc.

By: _____

Title: _Vice President_

Date: _11/3/17_

Plaintiffs' Counsel, The Hayber Law Firm, LLC

Date: _____

Santo Silvestro

_[signature]_

Date: _11-3-17_

Lynda Silvestro

_[signature]_

Date: _11/3/17_

## AGREED TO BY

Roger Lassen, Jr., on behalf of himself and all others similarly situated,

*[signed]* Ron Lassen Jr.

Date: Oct 24, 2017

Plaintiffs' Counsel, The Hayber Law Firm, LLC

*[signed]*

Date: 12-5-2017

Hoyt Livery, Inc.

By: _____

Title: _____

Date: _____

Santo Silvestro

_____

Date: _____

Lynda Silvestro

_____

Date: _____

AGREED TO BY

Jeffrey Capone

_[signature]_

Date: 10/25/17

AGREED TO BY

Lindell Mann

_Lindell Mann_

Date: 10/13/2017

AGREED TO BY

Dickson Mathon

*[signature]*

Date: 10/21/17

AGREED TO BY

Kevin Mauricin

*Kevin Mauricin*

Date: 10/18/17

AGREED TO BY

Murphy Pierce

*Murphy Pierce* (signature)

Date: 10/25/17

AGREED TO BY

Albert Profeta

_Albert Profeta_

Date: 10/19/17

AGREED TO BY

Kevin Reid

_____

Date: _____10-17-2017_____

AGREED TO BY

Kapil Verma

_____

Date: __10-17-17__

AGREED TO BY

Ali Yahya

_____ /s/ Ali Yahya

Date: 10/17/2017